**George S. VASILOPOULOS, Appellant**

v.

**KROVATIN KLINGMAN LLC;
Anna G. Cominsky.**

**No. 09–1312.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Aug. 6, 2009.

Opinion filed: Oct. 14, 2009.

George S. Vasilopoulos, Livingston, NJ,
pro se.

Before: RENDELL, HARDIMAN and
ROTH, Circuit Judges.

OPINION

PER CURIAM.

George Vasilopoulos appeals *pro se* from
the District Court's order dismissing his
complaint. Because we conclude that this
appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C.
§ 1915(e)(2)(B).

Vasilopoulos filed an application to proceed *in forma pauperis* and a complaint [1]
against Krovatin Klingman, LLC and
Anna Cominsky, an attorney with that law
firm ("appellees"). He alleges that appellees placed "a notice in the complaint of a
different accusation," stating that Vasilopoulos was "obsess[ed] with" certain children and that he is gay. Vasilopoulos
alleges that appellees' actions led to his
prosecution for child abuse. The sole relief he seeks is monetary damages in the
amount of $5,000,000.

The District Court granted Vasilopoulos
leave to proceed *in forma pauperis,* then
dismissed his complaint and his first
amended complaint without prejudice for
lack of subject matter jurisdiction. Reading the complaints broadly in accordance
with *Haines v. Kerner,* 404 U.S. 519, 520–
21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the
District Court determined that Vasilopoulos intended to bring a civil action for
slander and defamation. The District
Court concluded that it lacked subject
matter jurisdiction, given that Vasilopoulos
alleged no violation of a federal statute,
and there was no diversity of citizenship.

---

1. Vasilopoulos also filed two separate amended complaints on January 12, 2009 and January 14, 2009, respectively.

The District Court also reviewed Vasilopoulos' second amended complaint to determine whether he could state a claim pursuant to 42 U.S.C. § 1983, but concluded that Vasilopoulos had failed to state a claim upon which relief could be granted. The District Court later denied Vasilopoulos' motion for reconsideration.

Vasilopoulos appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We granted Vasilopoulos *in forma pauperis* status, and we now review this appeal to determine whether it should be dismissed pursuant to § 1915(e)(2)(B).[2] An appeal is frivolous if it "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

We agree that the initial complaint and the first amended complaint fail to show a basis for subject matter jurisdiction. We also agree that the second amended complaint fails to state a claim for relief under § 1983. To establish a cause of action under section 1983, a litigant must show "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Nothing in the second amended complaint would allow an inference that appellees acted under color of state law. *See Ashcroft v. Iqbal,* — U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Our independent review reveals that there is no arguable basis to challenge the District Court's ruling on appeal. Accordingly, this appeal will be dismissed.

---

**2.** Vasilopoulos did not file an amended notice of appeal and we thus review only the order that dismissed his complaints.